Roger D. BARTLEY, Plaintiff,

and

Sun Insurance Office of America, Inc., f/k/a Sun Insurance Office, Ltd., Plaintiff–Intervenor,

v.

ISUZU MOTORS LIMITED; Isuzu Motors America, Inc.; and American Isuzu Motors, Inc., Defendants.

Civ. A. No. 92–Z–2529.

United States District Court, D. Colorado.

Sept. 21, 1993.

---

John L. Breit, Warren B. Bosch, Breit, Best, Richman and Bosch, Denver, CO, for plaintiff.

William L. Senter, Peter H. Doherty, Greengard Senter Goldfarb & Rice, Denver, CO, for plaintiff-intervenor.

Peter F. Jones, Hall & Evans, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court on Defendants' motion for a protective order. The Court has reviewed the pleadings and has concluded that oral argument is unnecessary.

This is a product liability action which arises out of a December 12, 1990 automobile collision in which Plaintiff was severely injured. At the time of the collision, Plaintiff was driving a 1986 Isuzu Trooper. Plaintiff contends that the 1986 Isuzu Trooper II has handling and stability characteristics that render it unreasonably dangerous and that those characteristics were the proximate cause of his injuries.

Plaintiff has retained an expert witness to conduct computer simulations of the 1986 Trooper. These simulations model the way in which a hypothetical vehicle will perform under hypothetical circumstances. The simulation user will provide a program with data concerning the vehicle's characteristics. He then will provide the program with information concerning the way the vehicle is operated. The simulation then simulates the way in which the hypothetical vehicle performs under the hypothetical inputs.

Defendants claim that the users of such programs often run many simulations before arriving at the final simulation which illustrates the user's theories. After each simulation, the user will change the inputs slightly to achieve desired results. Each simulation is called an "iteration." Defendants seek to preserve the input and output data from each iteration.

Plaintiff claims that he has no objections to Defendants' request so long as "the scope of the Protective Order is limited to those computer reconstructions in which results conform to the known physical information corresponding to the occurrence resulting in Plaintiff's injuries." (*See* Plaintiff's Response, pp. 1–2).

The Court finds such a limitation to be inappropriate. When one party seeks to present a computer study, in order to defend against the conclusions that are said to flow from these efforts, the discovering party not only must be given access to the data that represents the computer's work product, but he also must see the data put into the computer, the programs used to manipulate the data and produce the conclusions, and the theory or logic employed by those who planned and executed the experiment. *City of Cleveland v. Cleveland Electric Illuminating Co.,* 538 F.Supp. 1257, 1266 (N.D.Ohio 1980), citing 8 Wright & Miller, *Federal Practice and Procedure,* § 2218. *See also United States v. Russo,* 480 F.2d 1228 (6th Cir.1973). All of the information used in generating the computer simulations is relevant to Defendants' challenge of this evi-

dence, not merely the information which conforms to Plaintiff's theory of the case.

Plaintiff also requests that any protective order entered concerning this matter be binding equally on Plaintiff's experts and Defendants' experts. Such a request is reasonable.

IT IS THEREFORE ORDERED that Defendants' motion for a protective order is granted, and Plaintiff and his experts shall make and preserve an electronic and/or hard copy record, whichever is feasible, of all simulations and iterations performed by his experts, and the data shall be recorded in such a way that Defendants readily can identify the input and output data for each variable in the program, for each iteration, or each simulation; and

IT IS FURTHER ORDERED that this protective order also shall be applicable to Defendants, in the event that they conduct computer simulations.